CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
G. J. Sansberry died, resident of Washington County, previous to December 22,1845, when his will was admitted to record. By this will he devised to a trustee in trust all his' estate for the use of his surviving wife for life, and died intestate as to the reversion. Several months subsequent to his death his surviving widow bore him a posthumous child, which she named Mary George. This child lived about twelve years and died, her mother surviving her. The mother, becoming indebted to appellees as merchants and to rid herself of embarrassment, sold and transferred to them her interest, as heir to her deceased daughter Mary George, in the reversionary interest in her father’s estate.
The estate of George J. Sansberry, the ancestor, consisted of slaves and personalty of various kinds, and a small real estate. It is evident that all parties regarded the bequest to the widow as only allowing her the use for life of the remaining personal assets after the payment of the testator’s debts. The executors, after Mrs. McElroy’s death, distributed the slaves and personal assets to the surviving brothers and sisters of Mary George and their representatives, without regard to the claim of appellees. McElroy & Rinehart brought this suit against the executors to recover their interest in said reversionary estate.
It is insisted by the executors that the children of the testator could only take after the expiration of the life-estate, and therefore, if any should die before this, that their heirs could take no interest therein, because it would all go to the survivors at the death of the tenant for life.
But this is a misconception of the nature of a reversion, as the testator owned the entire estate at and before his death. What he did not dispose of by his will would go by operation of law to his heirs and distributees; and *442 having only disposed of a life-estate, or rather carved out of the inheritance a lesser estate, he died intestate as to the remainder, which in law is denominated a reversion; and this being an immediate legal interest, vested at once in those who would have been entitled to the entire estate had there been no lesser estate bequeathed.
Kent (4 Commentaries, 353) says a remainder “is the residue of an estate left in the grantor or his heirs, or in the heirs of a testator, commencing in possession on the determination of a particular estate granted or devised. It necessarily assumes that the original owner has not parted with his whole estate or interest in the land; and therefore, if he grants land in tail, or for life or years, he has an interest in the reversion, because he hath not departed with his whole estate.” Again he says: “Reversion arises by operation of law and not by deed or will; and it is a vested interest or estate, inasmuch as the person entitled to it has a fixed right of future enjoyment. It is an incorporeal hereditament, and may be conveyed, either in whole or part, by grant, without livery of seizin. A grant of the reversion of an estate, absolutely or by way of mortgage, passes the rights to rents that subsequently became due as incident to the reversion.” Again: “ The reversioner, having a vested interest in the reversion, is entitled to his action on the case for an injury done to the inheritance.” '
As the estate was devised to a trustee to hold for the use of the wife for life, and the parties acted upon the idea that she only had the right to the use of rents, hires, and interest, and no right to use even the personal assets absolutely, it is evident that Mary George became as much entitled to a vested immediate interest in this estate at her birth as any one of her brothers and sisters, and that their interest in all but the life-estate vested imme *443 diately upon testator’s death, though their right of possession was postponed nntil the termination of the life-estate.
Mary George Sansberry’s interest in this reversion therefore must he governed by our statutes of descent and distribution; and, so far as her mother derived an interest as heir or distributee from her, this must he paid over to the appellees.
The court adjudged the amount which appellees are entitled to of the personal assets, which they as vendees of the mother are entitled to as a representative of Mary George Sansberry, to be levied of assets in their hands. This can he no error as to the executors, because it is only to he levied of assets in their hands, when it might have been against them individually on establishing a devastavit, or improperly converting the assets.
'Wherefore the judgment is affirmed. (Judge Hardin did not sit in this case.)